## Hassell et al. v. Walker et al.

*Karl B. Reichard*, for plaintiffs.

*Ralph L. Belford*, for defendants.

CUMMINGS, J., March 2, 1942.—Plaintiffs brought this action against defendants to recover damages alleged to be due and owing plaintiffs by defendants for breach of warranty on the part of defendants contained in deed of defendants to plaintiffs.

Plaintiffs filed their statement of claim, averring, inter alia, that:

"3. On the 18th day of September, 1937, at Milton, in Northumberland County, Pennsylvania, the said defendants, by their deed did duly execute, in consideration of four thousand one hundred ($4,100) dollars, warrant and convey to plaintiffs, their heirs and assigns, a certain tract of land lying in the said Borough of Milton and county aforesaid, more particularly described as: [here follows complete description of tract of land conveyed] the said deed being recorded in the office for the recording of deeds in and for said county in deed book 265, p. 62.

"4. The defendants by the said deed did covenant and warrant that they were seized of an indefeasible estate in fee simple, freed of encumbrances done or suffered from them, the grantors therein, such covenant arising from the words 'grant, bargain, sell,' and by the effect of the Act of May 28, 1715, 1 Sm. L. 94, sec. 6, 21 PS §8.

"5. At the time of the making and delivery of the said deed the premises were not free from all encumbrances, but on the contrary, there had been assessed against the premises taxes for the year 1932 in the sum of $85.48, and due to its nonpayment said tax was entered as a tax lien in the Court of Common Pleas in and for the County of Northumberland, to no. 2693, September term, 1938, T. L. D. no. 13, in the sum of $117.57, and the costs of satisfying said tax lien will be in the sum of $1.75, which tax, at the time of the delivery of said deed, was then remaining due and unpaid and which was at the time of delivery of the said deed a lien and encumbrance by law upon the said premises.

"6. And for a further breach, plaintiffs allege that on the 20th day of July, 1940, having been previously notified in accordance with law, they were compelled to pay the sum of $82.36, which was the tax assessed against the premises for the year 1934, and which payment was required in order to save the property from being sold at treasurer's sale on July 23, 1940; and which tax for the year 1934 at the time of the delivery of said deed was then remaining due and unpaid and which was at the time of delivery of the said deed a lien and encumbrance by law upon the said premises.

"7. And by reason thereof the plaintiffs paid, July 20, 1940, the sum of $82.36, thus extinguishing the tax assessed for the year 1934, aforesaid, and will be compelled to pay the further sum of $119.32 to extinguish the tax lien remaining against the property and being the tax assessed for the year 1932, penalty, interest and costs."

Thereupon, defendants obtained a rule to show cause why the statement of claim filed should not be stricken from the records for the following reasons:

"1. The statement of claim is not in accordance with the rules of the fifth section of the Practice Act of May 14, 1915, P. L. 483.

"2. The fourth paragraph of plaintiffs' statement of claim contains inferences and conclusions of law, and is likewise argumentative and in anticipation of the defense of the statement of claim.

"3. The fifth, sixth and seventh paragraphs of plaintiffs' statement of claim likewise contain inferences and conclusions of law and are likewise argumentative."

The reasons assigned are general and do not set out with particularity in what respects the paragraphs complained of violate the provisions of the Practice Act of May 14, 1915, nor the inferences and conclusions of law, et cetera, complained of.

We will not consider the reasons separately.

In the third paragraph the word "warrant" should be eliminated—a better word would be "sold".

The fourth paragraph is simply an assertion of a warrant inferred from three words, "grant, bargain and sell". The warrant in the deed, if any, relied upon by plaintiffs, should be set out in full.

The fifth paragraph is somewhat argumentative. Plaintiffs should allege that at the time of the execution and delivery of the deed, the premises were subject to a tax, duly assessed, levied and charged upon the premises; by whom the same were levied and assessed; the amount of said taxes; the manner in which the lien was obtained; if the lien or liens were a matter of record; the office in which the same became a record lien, giving the time, the number and amount, together with the costs; and that, at the time of the execution of the deed, the same remain due and unpaid.

The sixth paragraph offends the Practice Act in that it is argumentative and contains conclusions of law and inferences. If plaintiffs paid taxes for 1934 they could allege the payment of same, together with the amount. The reasons for the payment, as set out in

the paragraph, and the conclusions were unnecessary and therefore in violation of the Practice Act.

What was said above applies to the seventh paragraph. Plaintiffs, in this paragraph, could have alleged the payment of the tax lien against the premises for 1934, and likewise alleged the amount. Whether or not they will be obliged to pay the taxes for 1932 is mere inference and argument and should not be alleged.

While not complained of by defendants, the statement of claim is fatally defective and must be stricken off for the reason that it is signed by Karl B. Reichard, attorney for plaintiffs, and Karl B. Reichard, notary public, in such capacity, took the affidavit of the plaintiffs to the statement of claim.

The statement of claim must be stricken off.

Now, to wit, March 2, 1942, for the above reasons, the rule to strike the statement of claim from the record is made absolute, and the statement of claim is stricken from the record. Plaintiffs are given 15 days from the time of the filing of this opinion within which to file a new statement of claim.